IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EPPS,

        Plaintiff,                No. CIV S-04-2014 LKK DAD P

    vs.

K. MENDOZA POWERS, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for

1   relief.  Plaintiff claims that he has suffered "egreiously [sic] serious harm and loss of liberty
2   interest, property, and other 'collateral Consequences' . . ." but plaintiff fails to provide further
3   details explaining how his rights were violated.  Attached to plaintiff's complaint is a report
4   prepared by Correctional Officer Hogan and dated April 19, 2004.  The report concerns an
5   investigation conducted by Officer Hogan who determined that plaintiff provided false
6   information and conspired with a female citizen to falsely impersonate a District Attorney
7   investigator so that plaintiff could obtain a transfer to the California Medical Facility.  Plaintiff
8   names the following defendants:  CSP-Avenal Warden Mendoza-Powers, CSP-Solano Warden
9   Carey, correctional officer Hogan, Lieutenant Knudsen, Captain Moser, CSP-Solano Associate
10  Warden Johns, District Attorney investigator Tanghety, detective Robinson, California
11  Department of Corrections, and Board of Prison Terms.  Plaintiff does not provide specific
12  allegations concerning any of these defendants.  Although the Federal Rules adopt a flexible
13  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
14  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
15  must allege with at least some degree of particularity overt acts which defendants engaged in that
16  support plaintiff's claim.  Id.  In addition, any claims plaintiff wishes to pursue against defendants
17  who are employed at CSP-Avenal arising from acts occurring at that institution, should be
18  brought in a separate civil rights action filed in the Fresno Division of the United States District
19  Court for the Eastern District of California.  Because plaintiff has failed to comply with the
20  requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,
21  however, grant leave to file an amended complaint.
22           Plaintiff is advised that 42 U.S.C. § 1997e provides that "[n]o action shall be
23  brought with respect to prison conditions under section 1983 of this title, or any other Federal
24  law, by a prisoner confined in any jail, prison, or other correctional facility until such
25  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Also in Booth v.
26  /////

Churner, 532 U.S. 731, 741 n.6 (2001), the Supreme Court held that "futility" will not be accepted as a basis for failing to exhaust administrative remedies prior to filing a § 1983 action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Lastly, plaintiff has improperly named the California Department of Corrections and Board of Prison Terms as defendants. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (suit against state agency is barred by the Eleventh Amendment).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On September 27, 2004, plaintiff filed a motion for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017

4

(9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

On March 30, 2005, plaintiff filed a motion for permission to consolidate this case with <u>Epps v. Mendoza-Powers, et al.</u>, CIV S-04-2227 DFL KJM P. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, actions may be consolidated when there are common questions of law or fact. In light of the dismissal of plaintiff's complaint, his motion to consolidate his two actions will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the Clerk of the Court; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's September 27, 2004 motion for appointment of counsel is denied.

6. Plaintiff's April 12, 2005 motion for permission to consolidate his cases is denied.

/////

/////

7. The Clerk of the Court is directed to provide plaintiff with a copy of the court's form complaint for a 1983 action.

DATED: April 22, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
epp2014.14