IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EPPS,

    Plaintiff,      No. CIV S-04-2014 LKK DAD P

    vs.

K. MENDOZA POWERS, et al.,      <u>ORDER AND</u>

    Defendants.      <u>FINDINGS & RECOMMENDATIONS</u>

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 25, 2005, the court dismissed plaintiff's complaint and granted him leave to file an amended complaint. Before the court is plaintiff's amended complaint filed on May 18, 2005.[1]

    Plaintiff's amended complaint suffers from the same defects as his original complaint and fails to state a cognizable claim. Plaintiff was advised that an amended complaint would supersede his original complaint; therefore, an amended complaint must be complete in

---

[1] In the court's order filed April 25, 2005, plaintiff was instructed that any amended complaint filed in this action was to be labeled "Amended Complaint." (Order at 5.) Plaintiff did not heed the court's instructions with respect to the face page of the document filed on May 18, 2005. Nonetheless, the court will be refer to that document as plaintiff's "Amended Complaint."

1

itself without reference to any prior pleading. In his amended complaint, plaintiff again refers to an April 19, 2004 report prepared by defendant correctional officer Hogan.[2] The report concerns an investigation pursuant to which Officer Hogan concluded that plaintiff had provided false information conspired with a female citizen to have her impersonate a District Attorney investigator to assist plaintiff in obtaining a transfer to the California Medical Facility. However, plaintiff's form amended complaint fails to identify his constitutional claims and does not set forth any factual allegations in support thereof. Instead, in his "Statement of Claim" plaintiff simply refers to his "Amended Complaint (attached pages)." (Am. Compl. at 8.) In those attached pages and under the heading "Statement of Claim" plaintiff simply refers to specific paragraphs of defendant Hogan's report and responds to each, arguing that the statements in those specific paragraphs are untrue. (Am. Compl. at 10-20.)[3] For example, plaintiff alleges as follows:

> Response to Interview of Inmate Epps 3-15-04 0945
>
> Paragraph (1) Inmate Epps totally denies statements, giveing [sic] false information to C/O Hogan.
>
> Paragraph (2) Plaintiff would ask the court and U.S. Attorneys to please review the 43 page statement given to Sacramento Sheriff Deputy Bakarich and Sheriff Deputy Martinez (dated April 2001).

(Id., Attach. at 10.) Plaintiff also asks the court to conduct a federal investigation into the matter. (Am. Compl. at 8.)

It would appear that in April of 2004 Correctional Officer Hogan was assigned to investigate plaintiff's expressed safety concerns involving threats from other inmates and his related request for a transfer to the California Medical Facility. During that investigation

---

[2] The report referred to by plaintiff is not attached to his amended complaint but was submitted as Exhibit A to his original complaint filed April 25, 2005.

[3] The pages attached to the amended complaint are not numbered by plaintiff but will be referred to herein as if sequentially numbered in order following the eight numbered pages of the amended complaint.

1  plaintiff referred Officer Hogan to an investigator with the Sacramento County District
2  Attorney's Office with respect to his expressed safety concerns and gave Officer Hogan the
3  investigator's telephone number.  Officer Hogan contacted the person at the number given to him
4  by plaintiff and that individual acted as if they were a District Attorney's Office investigator and
5  confirmed the account given by plaintiff to Officer Hogan.  Upon further investigation Officer
6  Hogan discovered that the individual he had spoken to was not a D.A.'s investigator but rather
7  was impersonating one apparently at plaintiff's behest.  When Officer Hogan reached the actual
8  investigator whose name plaintiff had referred to, that investigator repudiated the account
9  plaintiff had given Officer Hogan.  Accordingly, in his report dated April 19, 2004, Officer
10 Hogan concluded that plaintiff should receive a rule violation report charging him with providing
11 false information and conspiring with a citizen to impersonate a District Attorney's Office
12 investigator so as to obstruct Hogan's investigation.  In the various documents filed with this
13 court plaintiff has made it clear that he disagrees with the statements and conclusions reflected in
14 Officer Hogan's report.  However, plaintiff has now failed twice to state any cognizable claim in
15 this regard.

16          In his amended complaint plaintiff names seven defendants.  Plaintiff has been
17 previously advised by the court that he must provide specific allegations for each of the named
18 defendants but has failed to do so in his amended complaint.

19          In addition, plaintiff has added two new defendants in his amended complaint,
20 California Department of Corrections Director Janet Woodford and Sacramento County District
21 Attorney Jan Scully.  Supervisory personnel are generally not liable under § 1983 for the actions
22 of their employees under a theory of respondeat superior and, therefore, when a named defendant
23 holds a supervisorial position, the causal link between him and the claimed constitutional
24 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
25 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
26 concerning the involvement of official personnel in civil rights violations are not sufficient.  See

1  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Here, plaintiff has not provided any
2  specific factual allegations concerning either of these two supervisorial defendants.  In addition,
3  prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge
4  activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman,
5  424 U.S. 409 (1976).

6  To the extent that defendant Hogan's report resulted in disciplinary action against plaintiff causing him the loss of time credits, or to suffer a criminal conviction, this action would be premature.[4]  See Heck v. Humphrey, 512 U.S. 477, 486 (1994) (holding that a suit for damages on a § 1983 civil rights claim cannot be maintained absent proof that the conviction or sentence has been reversed, expunged, or declared invalid by a state tribunal authorized to make such determination) and Edwards v. Balisok, 520 U.S. 641, 647-48 (1997) (holding that Heck applies to challenges involving prison disciplinary actions).

Given the numerous fatal deficiencies discussed above and in the court's order filed April 25, 2005, it appears clear that plaintiff cannot cure those defects and that granting further leave to amend would be futile.  See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  Accordingly, it will be recommended that this action be dismissed with prejudice.

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

/////

---

[4] Plaintiff makes no such allegation in his amended complaint.

1   does not find the required exceptional circumstances.  Plaintiff's request for the appointment of
2   counsel will therefore be denied.
3       Accordingly, IT IS HEREBY ORDERED that plaintiff's February 15, 2006
4   motion for the appointment of counsel is denied.
5       Also, IT IS HEREBY RECOMMENDED that this action be dismissed due to
6   plaintiff's failure to state a cognizable claim.
7       These findings and recommendations are submitted to the United States District
8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9   days after being served with these findings and recommendations, plaintiff may file written
10  objections with the court.  Such a document should be captioned "Objections to Magistrate
11  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
12  within the specified time may waive the right to appeal the District Court's order.  Martinez v.
13  Ylst, 951 F.2d 1153 (9th Cir. 1991).
14  DATED: April 11, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
epps2014.f&r

5